**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| UNEETA MOSBY, | § | |
| | § | |
| **Plaintiff,** | § | |
| vs. | § | Civil Action No. 3:14-CV-0422-G-BH |
| | § | |
| BANK OF AMERICA, N.A., | § | |
| | § | |
| **Defendant.** | § | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION

Pursuant to Special Order No. 3-251, this case was referred for pretrial management. Before the Court is *Defendant's 12(c) Motion for Judgment on the Pleadings*, filed April 23, 2014 (doc. 9). Based on the relevant filings and applicable law, the motion should be **GRANTED**.

## I.  BACKGROUND

On January 3, 2014, Uneeta Mosby (Plaintiff) filed a two-page "Petition for Verification of Debt" in the 95th Judicial District of Dallas County, naming Bank of America, N.A. (Defendant) as a defendant. (doc. 1-6.)[1] After the first sentence, the remainder of her petition states:

> In order to establish whether Defendant has standing to bring forth remedies entitled to Defendant, Plaintiff requests the Defendant to produce the following as a proof of claim within 30 days of this notice under Habeas Corpus.
>
> 1)  The **ORIGINAL WET INK SIGNATURE** Promissory Note signed by Defendant in association to the loan pursuant of USC Title 18, Part 1, Chapter 101 § 2071.
>
> 2)  Proof that the Defendant is in fact the Note Holder in Due course and has standing as a party of interest in this Promissory Note as Plaintiff has reason to believe the Defendant has sold the Note under "mortgage backed securities instrument" to investors under a pooling of interest.

---

[1]Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

   3)     Defendant to stipulate via affidavit that they are in fact a Creditor in this loan/security instrument.  A Creditor needs to show true double entry accounting debits of the loss as a result of the issuance of the loan to Plaintiff according to Generally Accepted Accounting Principles (GAAP).

If Defendant cannot produce proof of claim, they have no standing in any future controversy.

If Defendant is unable to produce proof of claim, Plaintiff prays the court to order the Defendant to release all claims against Plaintiff and grant rightful remedies due to Plaintiff.

(doc. 1-6.)

On February 3, 2014, Defendant removed the action to federal court asserting both federal question jurisdiction under 20 U.S.C. § 1331 and diversity jurisdiction under 28 U.S.C. § 1332. (doc. 1 at 2-4.)   On April 23, 2014, it moved for judgment on the pleadings under Fed. R. Civ. P. 12(c).  (doc. 9.)  Plaintiff failed to file a response.

## II.  RULE 12(C) STANDARD

Defendant moves for judgment on the pleadings under Rule 12(c), or alternatively under Rule 12(b)(6) because the "petition fails to provide 'a short and plain statement of the claim showing that the pleader is entitled to relief' as required by Rule 8(a)(2)," and because it fails to state a claim. (doc. 9-1 at 1-3.)[2]

Rule 12(c) provides that parties may move for judgment on the pleadings "[a]fter the pleadings are closed–but early enough not to delay trial." Fed. R. Civ. P. 12(c).  Rule 12(c) motions are "designed to dispose of cases where the material facts are not in dispute and a judgment on the merits can be rendered by looking to the substance of the pleadings and any judicially noticed facts." *Great Plains Trust Co. v. Morgan Stanley Witter & Co.*, 313 F.3d 305, 312 (5th Cir. 2002)(citation

---

[2]Under Rule 8(a)(2), "[a] pleading that states a claim for relief . . . must contain a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).

omitted).  The standard for deciding a Rule 12(c) motion is the same as for a Rule (b)(6) motion to dismiss.  *Guidry v. Am. Pub. Life Ins. Co.*, 512 F.3d 177, 180 (5th Cir. 2007).

Rule 12(b)(6) allows motions to dismiss for failure to state a claim upon which relief can be granted.  Fed. R. Civ. P. 12(b)(6).  Motions to dismiss under Rule 12(b)(6) are disfavored and rarely granted.  *Sosa v. Coleman*, 646 F.2d 991, 993 (5th Cir. 1981).  Under the 12(b)(6) standard, a court cannot look beyond the face of the pleadings.  *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996); *see also Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999), *cert. denied*, 530 U.S. 1229 (2000). It is well-established that "*pro se* complaints are held to less stringent standards than formal pleadings drafted by lawyers." *Miller v. Stanmore*, 636 F.2d 986, 988 (5th Cir. 1981).  Nonetheless, regardless of whether the plaintiff is proceeding *pro se* or is represented by counsel, pleadings must show specific, well-pleaded facts, not mere conclusory allegations to avoid dismissal.  *Guidry v. Bank of LaPlace*, 954 F.2d 278, 281 (5th Cir. 1992).  The court must accept those well-pleaded facts as true and view them in the light most favorable to the plaintiff.  *Baker*, 75 F.3d at 196.  "[A] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of [the alleged] facts is improbable, and that a recovery is very remote and unlikely."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007) (quotation marks omitted).

Nevertheless, a plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Id.* at 555; *accord Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (emphasizing that "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions").  The alleged facts must "raise a right to relief above the speculative level."  *Twombly*, 550 U.S. at 555.  A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim

to relief that is plausible on its face." *Id*. at 570.

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

*Iqbal*, 556 U.S. at 678 (citations omitted). When plaintiffs "have not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed." *Twombly*, 550 U.S. at 570; *accord Iqbal*, 556 U.S. at 678.

## A.      Show-me-the-note Theory

Defendant argues that Plaintiff's request that it produce the original wet ink signature promissory note fails to state a claim because Texas law does not require an entity to produce the original note in order to proceed with foreclosure. (doc. 9-1 at 3-4.)

Plaintiff appears to allege that Defendant lacks standing to enforce the note and deed of trust and foreclose on the subject property because it cannot produce the original wet ink note. Her allegations implicate the "show-me-the-note" theory. *See Carrie v. Chase Home Finance*, No. 3:12-cv-852-G, 2013 WL 704943, at *4 (N.D.Tex. Feb.1, 2013)*, rec. adopted,* 2013 WL 705865 (N.D.Tex. Feb. 27, 2013).   "Advocates of this theory believe that only the holder of the original wet-ink signature note has the lawful power to initiate a non-judicial foreclosure." *Wells v. BAC Home Loan Servicing, L.P.*, No. W-10-CA-00350, 2011 WL 2163987, at *2 (W.D. Tex. Apr. 26, 2011) (internal quotations omitted). This theory has been widely rejected by courts in Texas. *See Martins v. BAC Home Loans Servicing, L.P.*, 722 F.3d 249,254–55 (5th Cir. 2013). "Texas courts have refused to conflate foreclosure with enforcement of a promissory note." *Reardean v. CitiMortgage, Inc.*, No. A-11-CA-420-SS, 2011 WL 3268307, at *3 (W.D. Tex. July 25, 2011).

4

Under Texas law, promissory notes and deeds of trust are distinct obligations that afford lenders distinct remedies upon default, "the note against the borrower and the lien against the real property." *Bierwirth v. BAC Home Loans Servicing, L.P.*, No. 03–11–00644–CV, 2012 WL 3793190, at *3 (Tex. App.—Austin Aug.30, 2012, no pet.) (mem.op.) (to same effect). When the lender seeks a personal judgment against the borrower, it "must typically demonstrate that it is the holder of the note by producing the original wet-ink instrument." *Millet v. JP Morgan Chase, N.A.*, No. SA-11-CV-1031-XR, 2012 WL 1029497, at *3 (W.D. Tex. Mar. 26, 2012).[3] By contrast, "[f]oreclosure is an independent action against the collateral" that "enforces the deed of trust, not the underlying note." *Reardean*, 2011 WL 3268307, at *3. Chapter 51 of the Texas Property Code governs the procedure for enforcing the "power of sale conferred by a deed of trust or other contract lien." Tex. Prop. Code Ann. § 51.002 (West 2007). It provides that both "a mortgagee and [a] mortgage servicer may administer a deed of trust foreclosure without production of the original note." *Crear v. JP Morgan Chase Bank, N.A.*, No. 10-10875, 2011 WL 1129574, at *1, n. 1 (5th Cir. Mar. 28, 2011) (per curiam) (citing to Tex. Prop. Code §§ 51.0002, 51.0025).

Here, Plaintiff does not contend that Defendant is not the mortgagee or mortgage servicer on the loan, and the petition does not state any facts to support her allegations that it lacks standing to foreclose. Accordingly, her vague and unclear assertions are insufficient to state a claim. *See also Ortiz v. Wells Fargo Bank, N.A.*, No. 3:11-CV-2131-N, 2011 WL 6097857, at *2 (N.D. Tex. Oct. 2011), *rec. adopted*, 2011 WL 6058034 (N.D.Tex. Nov. 30, 2011) (finding similar vague allegations regarding the failure to produce the original note are insufficient to state a claim); *Carrie*, 2013 WL

---

[3] The Texas Uniform Commercial Code (UCC) governs the procedure for establishing "holder" status. *See* Tex. Bus. & Com. Code Ann. §§ 3.201, 3.203,and 3.204 (West 2002) (providing the requirements for the negotiation, transfer, and endorsement of negotiable instruments).

704943, at *4 (finding that the plaintiffs had not pleaded enough facts in a similarly-worded petition to state a plausible claim for relief).  To the extent Plaintiff's claims are based on this theory, Defendant's motion should be granted.

**B.**   **18 U.S.C. § 2071**

Plaintiff cites 18 U.S.C. § 2071 in support of her show-me-the-note claim.  Courts have construed similarly-worded petitions for verification as asserting a claim under this statute.  *See Diaz v. Ocewen Loan Servicing*, No. 3:13-cv-2928, 2014 WL 1012521, at *2 (N.D. March 14, 2014) (construing identical allegations as seeking relief pursuant to 18 U.S.C. § 2071); *Carrie*, 2013 WL 704943 at *3 (same).  Section 2071 criminalizes the theft or destruction of various federal government documents; it does not provide a civil cause of action.  *See Scott v. CSC Credit Services, Inc.*, No. 05-cv-1953, 2005 WL 3478122 at *1(N.D.Tex. 2005) (18 U.S.C. § 2071(a) is "a criminal statute that does not create a civil cause of action."); *Diaz*, 2014 WL 1012521, at *2; *Carrie*, 2013 WL 704943 at *3.  Accordingly, to the extent her petition may be construed as seeking relief pursuant to § 2071, she fails to state a claim.[4]

**C.**   **Securitization of the Note**

Defendant also argues that Plaintiff fails to state a claim that it does not have standing and is not the holder is due course due to the alleged securitization of the loan because securitization of a loan does not alter the ability to foreclose under the deed of trust.  (doc. 9-1 at 4-5.)

Courts considering the theory that securitization of a note causes the mortgagee to lack

---

[4]Defendant did not specifically address this claim.  Nevertheless, a court may sua sponte dismiss a claim as long as the plaintiff has notice of the court's intention and an opportunity to respond.  *See Carroll v. Fort James Corp.*, 470 F.3d 1171, 1177 (5th Cir. 2006) (citing *Shawnee Int'l., N.V. v. Hondo Drilling Co.*, 742 F.2d 234, 236 (5th Cir. 1984)).  The fourteen-day time frame for filing objections to a recommended dismissal provides the required notice and opportunity to respond.  *See Ratcliff v. Coker*, No. 9:08cv127, 2008 WL 4500321, at *3 n. 1 (E.D. Tex. Sept. 26, 2008).

standing to enforce the note have found it without merit or any legal basis.  *See, e.g., Warren v. Bank of America, N.A.*, No, 3:11-cv-3603, 2012 WL 3020075, at *6 (N.D.Tex. June 19, 2012), *rec. adopted*, 2013 WL 1131252 (N.D.Tex. March 19, 2013) (finding argument that lender's rights to the note were extinguished due to securitization of the loan was meritless); *see also Wittenberg v. Wells Fargo Bank, N.A.*, 2012 WL 443781, at *19 (N.D. W. Va. Feb. 10, 2012) (rejecting arguments by the borrower that securitization of her loan rendered her note unenforceable); *Suss v. JP Morgan Chase Bank, N.A.*, 2012 WL 2733097, at *5-6 (D. Md. July 9, 2010) (same); *Frazier v. Aegis Wholesale Corp.*, 2011 WL 6303391, at *4 (N.D. Cal. Dec. 16, 2011) (holding that securitization of the borrower's loan had no effect on the ability of MERS to foreclose or transfer); *Upperman v. Deutsche Bank Nat'l Trust Co.*, 2010 WL 1610414, at *3 (E.D. Va. Apr. 16, 2010) (finding no authority that the mere existence of a pooling or servicing agreement or investment trust can relieve borrowers of their obligation to perform under a duly executed note and deed of trust, and holding that even if the note was securitized, the borrower's claim that such securitization rendered the note and deed of trust unenforceable was legally flawed).

Here, even assuming that Plaintiff's loan has been securitized, the petition fails to raise a reasonable inference that Defendant has no standing to enforce the note or deed of trust.  To the extent Plaintiff's claims are based on this theory, she fails to state a claim, and Defendant's motion should be granted.

## D.    **"Double Entry Accounting"**

Next, Defendant argues that Plaintiff's request that it stipulate that it is a creditor via an affidavit and show "double entry accounting" fails to state a claim.  (doc. 9-1 at 6.)

The petition fails to state any facts to support Plaintiff's assertions that Defendant be required

to stipulate via affidavit that it is the creditor of the loan or that a creditor needs to show "true double entry accounting." These allegations are too vague to state a claim for relief that is plausible on its face. *See Carrie*, 2013 WL 704943, at *3 (finding that identical allegations failed to state a plausible claim under Texas or federal law) (citing *Williams v. Wells Fargo Home Mortg.*, 3:11-CV-467-B, 2011 WL 2006307 (N.D. Tex. May 20, 2011)); *Ortiz*, 2011 WL 6097857, at *2 (same). Defendant's motion should therefore be granted.

### E.      Declaratory Judgment

Finally, to the extent Plaintiff intends to bring a cause of action in the concluding paragraphs of the petition, Defendant claims that she fails to cite any authority to support her contention that Defendant lacks standing and should be ordered to release all its claims against her if it cannot produce "proof of claim." (doc. 9-1 at 6.)

Plaintiff's request that Defendant be ordered to release its claims against her may be liberally construed as seeking declaratory relief. *See Carrie*, 2013 WL 704943 at *3-4 (construing identical allegations as a request for declaratory relief). Any claim for declaratory relief in her petition arises under the Texas Declaratory Judgments Act, codified in §§ 37.001-37.011 of the Texas Civil Practice & Remedies Code. "The Texas act is a procedural, rather than substantive, provision, and would generally not apply to a removed action such as this one." *Brock v. Fed. Nat'l Mortg. Ass'n*, 2012 WL 620550, at *5 (N.D. Tex. Feb. 24, 2012) (citing *Utica Lloyd's of Tex. v. Mitchell*, 138 F.3d 208, 210 (5th Cir. 1998)). However, in light of removal from state court, the action may be construed as one brought under the federal Declaratory Judgment Act, 28 U.S.C. §§ 2201, 2202. *See Bell v. Bank of Am. Home Loan Servicing LP*, 2012 WL 568755, at *8 (S.D. Tex. Feb. 21, 2012) (holding that "[w]hen a declaratory judgment action is filed in state court and is subsequently

removed to federal court, it is converted to one brought under the federal Declaratory Judgment Act").

The federal Declaratory Judgment Act provides that "[i]n a case of actual controversy within its jurisdiction, . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201. It "does not create a substantive cause of action" and "is merely a vehicle that allows a party to obtain an early adjudication of an actual controversy arising under other substantive law." *Metropcs Wireless, Inc. v. Virgin Mobile USA, L.P.*, 2009 WL 3075205, at *19 (N.D. Tex. Sept. 25, 2009) (Fitzwater, C.J.) (citations and internal quotation marks omitted). The Act is an authorization and not a command, and allows federal courts broad (not unfettered) discretion to grant or refuse declaratory judgment. *Id.*

Here, Plaintiff seeks an order that Defendant's claims against her be released. (doc. 6-1 at 2.) She has alleged no facts giving rise to a plausible substantive claim or suggesting a present genuine controversy between the parties. To the extent her petition may be construed as seeking declaratory relief, she fails to state claim, and Defendant's motion should be granted. *See Bell*, 2012 WL 568755, at *8 (denying the plaintiff's request for declaratory judgment where she had alleged no facts leading to a conclusion that a present controversy existed between her and the defendant); *Turner v. AmericaHomeKey, Inc.*, 2011 WL 3606688, at *5-6 (N.D. Tex. Aug. 16, 2011) (Fitzwater, C.J.) (declining to entertain the plaintiff's request for declaratory judgment where he had not pleaded a plausible substantive claim).

## III.  OPPORTUNITY TO AMEND

Notwithstanding their failure to plead sufficient facts, the Fifth Circuit is inclined to give *pro*

*se* plaintiffs several opportunities to state a claim upon which relief can be granted.  *See Scott v. Byrnes*, No. 3:07-CV-1975-D, 2008 WL 398314, at *1 (N.D. Tex. Feb. 13, 2008); *Sims v. Tester*, No. 3:00-CV-0863-D, 2001 WL 627600, at *2 (N.D. Tex. Feb. 13, 2001).  Courts therefore typically allow *pro se* plaintiffs to amend their complaints when the action is to be dismissed pursuant to a court order.  *See Robinette v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, No. 3:96-CV-2923-D, 2004 WL 789870, at *2 (N.D. Tex. Apr. 12, 2004); *Sims*, 2001 WL 627600, at *2.  A *pro se* plaintiff may also obtain leave to amend his complaint in response to a recommended dismissal.  *See Swanson v. Aegis Commc'ns Grp., Inc.*, No. 3:09-CV-0041-D, 2010 WL 26459, at * 1 (N.D. Tex. Jan. 5, 2010); *Scott*, 2008 WL 398314, at * 1.  Nonetheless, a court may appropriately dismiss an action with prejudice without giving an opportunity to amend if it finds that the plaintiff has alleged his or her best case.  *Jones v. Greninger*, 188 F.3d 322, 327 (5th Cir. 1999).

Here, Plaintiff has not yet amended her complaint, and she might be able to allege a better case against Defendant.  She should therefore be accorded an opportunity to amend her complaint to allege sufficient facts to state a claim.

## IV.  RECOMMENDATION

If Plaintiff does not file an amended complaint within the 14 days allotted for objections to this recommendation, or a deadline otherwise set by the Court, Defendant's motion for judgment on the pleadings should be **GRANTED**, and all of Plaintiff's claims against it should be dismissed with prejudice.  If Plaintiff timely files an amended complaint, however, Defendant's motion to dismiss should be **DENIED as moot**, and the action should proceed on the amended complaint.

**SO RECOMMENDED on this 9th day of December, 2014.**

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE


## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE